Milligan, J.,
delivered the opinion of the Court:
This case stands on demurrer; and the single question presented by the record, is, whether or not, under *271 the Code, sec. 2918-4, a separate demand can be set-off against a joint demand, and vice verm.
It is admitted tbat tbe law on this subject has been materially modified by the adoption of the Code, and the remedy enlarged by the Act of 1855-6, which has been carried into the Code; but, we apprehend the modification and enlargement are not so great as to break down the recognized distinction between joint and separate demands. The Code, in fact, fully recognizes this distinction. Section 2918 provides: “The defendant may plead by way of set-off or cross-action,—
1st, Mutual demands held by the defendant against the plaintiff at the time of action brought, and matured when offered in- set-off.
2d, Any matter arising out of the plaintiff’s demand, and for which the defendant would be entitled to recover in a cross-action.
3d, Any matter growing out of the original consideration of any written instrument, for which the defendant would be entitled to recover in a cross-action.
4th, Any equities between the defendant and the original party under whom the plaintiff claims, which by law have attached to the demand in the plaintiff’s, hands, and for which the defendant would be entitled to a recovery against such original party.”
The latter clause of this section — sub-sec. 4 — in the case of Gatewood vs. Denton, 3 Head, 380, has been held to embrace, without special agreement between the parties, a right of action, which the defendant had against the assignor of a note, for money paid as his security, at or before the assignment of the note. The *272 Court, in that case, saj: “The right thus existing had, in the language of the section just quoted, attached itself to the note before its transfer to the plaintiff; or, in other words, the right of set-off, or cross-action, was fixed and complete in the defendant, previous to and at the time of the assignmfent of the note, and could not have been resisted by the injured party — the assignor.”
This construction of the statute, we think, is carrying the doctrine of set-off to its utmost limits; and doubts may well be. suggested whether an independent legal set-off falls within the meaning of the fourth subsection of the Code.
But our Courts, so far as we are informed, (ever since the adoption of the Code,) have never held that a demand not mutual in its character, could be plead by way of set-off or cross-action by the defendant. In fact, this principle is plainly recognized in the Code itself, at sec. 2918, sub-sec. 1;- 'and the reason for its enforcement remains now as fully as before the Code. A joint demand cannot be set-off against a separate one, nor vice verm, upon the ground, says this Court, in Blanks vs. Smith, Peck, 186, and Robertson & Currey vs. Talbot & Hurly, 2 Yerg., 258, that they are not mutual debts. If this could be done, a surety could be made to pay the debt of his principal, which he never contracted to pay; and a co-contractor a debt not contemplated at the time between the parties. See, also, 2 Parsons on Contracts, 738-9.
It follows, therefore, that there is no error in this record.
Judgment affirmed.